# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-627V
(To be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| LAUREN OCHOA, *mother of* SCARLETT OCHOA, *deceased,* | Special Master Corcoran |
| Petitioner, | Filed:  November 1, 2017 |
| v. | Decision; Attorney's Fees and Costs; Local versus Forum Hourly Rates. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Douglas Lee Burdette*, Burdette Law, PLLC, North Bend, WA, for Petitioner.

*Camille Michelle Collett*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEYS' FEES AND COSTS [1]

On May 10, 2016, Lauren Ochoa, on behalf of the estate of her deceased daughter, Scarlett Ochoa (hereinafter "Scarlett"), filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that, due to several vaccinations administered on June 5, 2015, but in particular, the "Pediarix" (combination vaccine

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

comprised of, among other things, diphtheria-tetanus-acellular pertussis (DTaP) vaccines), Scarlett suffered Table Injuries, including anaphylaxis, anaphylactic shock, and acute encephalopathy, resulting in her eventual death on June 9, 2015. *See* Petition at 1-2 (ECF No. 1). On September 18, 2017, Respondent filed his Amended Rule 4(c) Report conceding that Petitioner's claim is compensable under the Vaccine Act.[3] ECF No. 26 at 7. I subsequently issued a Ruling on Entitlement finding Petitioner was entitled to compensation under the Vaccine Program, and in response, the parties filed a proffer, which I adopted. *See* Decision, dated September 21, 2017 (ECF No. 30).

Petitioner has now filed a motion requesting final attorneys' fees and costs, dated September 25, 2017. *See* Motion for Attorneys' Fees, dated Sept. 25, 2017 (ECF No. 33) ("Fees App."). Petitioner requests reimbursement of attorneys' fees and costs in the total amount of $20,289.82 (representing $17,506.75 in attorneys' fees, plus $2,783.07 in costs). *Id.* at 1-2.[4] Respondent filed a document reacting to the fees request on September 29, 2017, indicating that he is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 35 at 2-4. The matter is now ripe for resolution.

**FACTUAL BACKGROUND**

As the billing invoices submitted with the present fees request reflect, Douglas Lee Burdette and Kelly D. Burdette of the law firms of Burkett & Burdette and Burdette Law, PLLC (collectively the "Burdette Firm"),[5] located in the Greater Seattle, Washington area, represented

---

[3] In his original Rule 4(c) Report, filed on May 17, 2017, Respondent also conceded that Petitioner's claim is compensable under the Vaccine Act. ECF No. 21. That report, however, contained errors regarding the exact vaccinations that Scarlett received, and the time frame within which her encephalopathy developed after receipt of her vaccinations. *Id.* at 7. Thus, Respondent filed an Amended Rule 4(c) Report, correcting the errors contained in that original Rule 4(c) Report.

[4] In accordance with General Order No. 9, Petitioner's counsel submitted a statement from the Petitioner, reporting that Lauren Ochoa, as the representative of the estate of Scarlett, incurred no personal costs in the prosecution of this case. Exhibit 3 at 1, filed as ECF No. 33-3.

[5] As pointed out by Petitioner in her fees and costs request, the law firm of "Burkett & Burdette" dissolved effective April 30, 2016, subsequently billing time in this case under the successor firm of "Burdette Law, PLLC." Fees App. at 2, fn. 1. In reviewing the billing entries, I point out that the "Burkett & Burdette" law firm's office was located in Seattle, Washington, while the office address of the "Burdette Law, PLLC" law firm is represented to be in North Bend, Washington. ECF No. 1, Exhibit 1, at 1, 9. The city of North Bend, Washington, however, is effectively characterized as being within the Greater Seattle, Washington area. THE SEATTLE TIMES WEBSITE, https://www.seattletimes.com/business/real-estate/north-bend-a-scenic-small-town-on-the-eastside-with-a-quick-commute-to-the-wilder-west/ (last visited Oct. 30, 2017). Moreover, as North Bend, Washington is part of King County, it is served by the same federal trial court -- the U.S. District Court for the Western District of Washington -- located in Seattle, Washington. WESTERN DISTRICT OF WASHINGTON WEBSITE, http://www.wawd.uscourts.gov/about (last visited Oct. 30, 2017). Thus, my decision refers to the "Greater Seattle,

Petitioner in this case. *See generally* Ex. 1 (billing invoices), filed as ECF No. 33-1, at 1-15.

The case existed from January 2016 (when it was first brought to the Burdette Firm) until September 2017, when it was settled by stipulation, or 20 months. Ex. 1, at 1-13. Shortly after my issuance of a Decision in this case, Petitioner filed her fees and costs request. Petitioner requests $400 per hour for work performed in 2016-2017 by Douglas Lee Burdette, and $275 per hour for Kelly D. Burdette for Ms. Burdette's work performed in 2016-2017. Fees App. at 1-2.

**ANALYSIS**

**I.    Background on the Relevant Law**

As a successful Vaccine Program petitioner, Ms. Ochoa is entitled to a fees and costs award. The present fees and costs request turns, however, on whether the attorneys of the Burdette Firm -- located in the Greater Seattle, Washington area -- are properly entitled to rates charged by attorneys in the Court's forum (*i.e.*, Washington, D.C.) under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).

I have previously discussed at length in other decisions the legal standards applicable to a request for attorneys' fees in a Program case generally – and in particular how special masters evaluate the proper hourly rate. *See, e.g., Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *9-13 (Fed. Cl. Spec. Mstr. May 20, 2016); *Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496, at *2–4 (Fed. Cl. Oct. 14, 2016).

*Avera* introduced the rule that attorneys practicing outside of D.C., but where rates were consistent with that of the forum, should receive the higher forum rate, unless the local rate was sufficiently lower. *Avera*, 515 F.3d at 1349. *Avera* did not, however, establish a bright-line rule for determining when local rates were sufficiently different to trigger the exception. Rather, *Avera* highlighted a case by the District of Columbia Circuit, *Davis County Solid Waste Management and Energy Recovery Special Service District v. United States Environmental Protection Agency,* 169 F.3d 755 (D.C.Cir.1999), setting forth an exception to the payment of forum rates as appropriate "where the bulk of [an attorney's] work is done outside the jurisdiction of the court and where there is a *very significant* difference in compensation favoring D.C" (hereafter "the *Davis* exception"). *Avera*, at *1349 (Fed. Cir. 2008) (*citing Davis*, 169 F.3d 755 at 758) (emphases in original). Subsequent Federal Circuit discussions of *Avera* have embraced inclusion of the *Davis* exception, but endorsed *Avera's* reluctance to firmly define what is "very significantly

---

Washington area" to be an effective proxy for both cities in which the Burdette Firm maintained offices throughout the pendency of this case.

different." *See, e.g., Hall v. Sec'y of Health and Human Servs.,* 640 F.3d 1351,1357 (Fed. Cir. 2011). Thus, the Federal Circuit has emphasized that at bottom special masters must consider "the evidence before them and their own trial experience in similar litigations" in deciding if the *Davis* exception should be applied. *Hall v. Sec'y of Health and Human Servs.,* 640 F.3d 1351, 1357 (Fed. Cir. 2011).[6]

Another point relevant to the analysis herein is the underlying policy goal animating the *Davis* exception. As the Federal Circuit stated in *Avera*, the intent of an exception to awarding a single, forum-based rate in all Program cases is to ensure against a "windfall" -- meaning paying a lawyer in a rural or less expensive locale more than she would otherwise earn, simply because she is litigating a case in a court of national jurisdiction. *Avera,* 515 F.3d at 1349. Implicit to this is the fact that it is less expensive to practice law in some parts of the United States than others, given prevailing office overhead costs as well as the market for attorney services. *Id.* at 1348. Paying a Program lawyer more than he or she would ordinarily earn for comparable work is not reasonable. *See, e.g., Rodriguez,* 632 F.3d at 1385 (the Act's fee provision is "not designed as a form of economic relief to improve the financial lot of lawyers") (*citing City of Burlington v. Dague*, 505 U.S. 557, 563 (1992)). The generosity of the Act's fees provision also factors in to what a Program attorney should receive generally, as well as the nature of the work performed in vaccine cases.

## II.   Proper Hourly Rates for Mr. Burdette, Esq. and Ms. Burdette, Esq.

Petitioner's fees and costs application does not explicitly request that her attorneys are entitled to rates charged in the Court's forum. However, the specific hourly rates requested ($400 for Mr. Burdette and $275 for Ms. Burdette) are within the respective ranges of rates for attorneys with comparable experience as outlined in a 2015 decision regarding proper rates for "in forum" practitioners, *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323

---

[6] Although decisions of special masters, and in the Court of Federal Claims, have often attempted to adopt a mathematical formula for determining if a local rate is "very significantly different" from the forum rate, D.C. district court cases discussing *Davis* have tended to take the more common-sense view that its application should mainly be a function of whether the non-forum location is "less expensive" in terms of attorney costs, regardless of degree. *Avera,* 515 F.3d at 1349; *see also Sierra Club v. Jackson*, 926 F. Supp. 2d 341 (D. D.C. 2013); *Conservation Force v. Salazar*, 916 F. Supp. 2d 15, 24 (D. D.C. 2013)(noting an "exception where lawyers practice in far less expensive legal markets"); *Rocky Mountain Clean Air Action v. Johnson,* No. 06-1992, 2008 WL 1885333, at *2 (D. D.C. Jan. 28, 2008). As noted herein, I adhere to the less formal methodology.

(Fed. Cl. Spec. Mstr. Sept. 1, 2015).[7] I must therefore first decide *sua sponte* whether the Burdette Firm's Greater Seattle area local rates are equivalent to rates charged in the Court's forum.[8]

Petitioner offers no evidence setting forth a local rate range for Mr. Burdette (an attorney with more than 31 years of experience), or that of Ms. Burdette (an attorney with between four to six years of experience throughout the pendency of this case).[9] Nevertheless, in keeping with my inquisitorial role in deciding the matters before me, I have conducted my own review of a sampling of federal fees decisions from the Western District of Washington (the relevant region for purposes of evaluating the Greater Seattle area rates) suggesting a wide variety of rates, depending on the nature of work performed. Notably, there are many federal cases awarding fees under the Fair Debt Collection Practices Act (the "FDCPA") -- a statute involving claims that has been deemed in another federal jurisdiction to be routine and straightforward. *Selby v. Christian Nicholas & Associates*, No. 309–cv121–J–34JRK, 2010 WL 745748 at*5 (M.D. Fla. Feb. 26, 2010). As the chart below illustrates, rates in those cases range from $160 per hour to $550 per hour depending on the attorney's experience and quality of work:

---

[7] Specifically, *McCulloch* outlined the ranges of hourly rates for attorneys and paralegals of varying experience for a Boston, Massachusetts-based law firm considered to be "in forum." *McCulloch*, at *21. As of October 24, 2016, all sitting special masters adopted the ranges set forth in *McCulloch*, subsequently posting, on the Court's website, fee schedules setting the Office of Special Masters' "Attorneys' Forum Hourly Rate Fee Schedule" for the year 2015-2016, and for the year 2017. *See generally OSM Attorneys' Forum Hourly Rate Fee Schedules*, UNITED STATES COURT OF FEDERAL CLAIMS WEBSITE, http://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 30, 2017.)

[8] In her fees and costs application, Ms. Ochoa represents that Mr. Burdette's "usual hourly rate is $400 [per hour]," and that Ms. Burdette's "usual hourly rate is $275.00 per hour." Fees App. at 1-2.

[9] Petitioner's fees and costs request did not report the years of legal experience that Mr. Burdette and Ms. Burdette respectively had. A review of the Burdette Firm's website is also ambiguous as to exactly when Mr. Burdette began practicing law. BURDETTE LAW, PLLC WEBSITE, http://www.burdettelaw.org/attorneys html (last visited Oct. 30, 2017). Although the Burdette Firm's website states that Mr. Burdette has been practicing law in the Seattle area since 1988, it is unclear as to his precise years of experience prior to 1988. A search on Martindale-Hubbell, a reputable information services company for the legal profession, reveals that Mr. Burdette was first admitted to practice law in 1980. MARTINDALE.COM WEBSITE, https://www martindale.com/seattle/washington/douglas-lee-burdette-1765956-a/ (last visited Oct. 31, 2017). Thus, for the purposes of comparison to the "Attorneys' Forum Hourly Rate Fee Schedule" posted on this Court's website, Mr. Burdette had over 31 years of experience throughout the pendency of this case.

Similarly, a review of the Burdette Firm's website reflects that Ms. Burdette was admitted to practice law in December 2011. BURDETTE LAW, PLLC WEBSITE, http://www.burdettelaw.org/attorneys.html (last visited Oct. 30, 2017). Ms. Burdette's Martindale-Hubbell attorney profile also corroborates the year she was first admitted to practice law. MARTINDALE.COM WEBSITE, https://www.martindale.com/seattle/washington/kelly-danielle-burdette-157672325-a/ (last visited Oct. 31, 2017).

| Case Name | Claim Type | Rate | Atty's Experience |
|---|---|---|---|
| *Ashley v. Physicians & Dentists Credit Bureau, Inc.*, No. C10-0996JPD, 2011 WL 3626547, at *3-4 (W.D. Wash. Aug. 17, 2011). | FDCPA* | $225/hr | More than 32 years |
| *Rebic v. Credit Int'l Corp.*, No. C10-5323RAJ, 2011 WL 4899979, at *3 (W.D. Wash. Oct. 14, 2011) | FDCPA | $175-300/hr | All Attorneys |
| *Rodriguez v. Nancy A. Smith & Assocs.*, No. C12-5252RBL, 2012 WL 5207545, at *3 (W.D. Wash. Oct. 22, 2012) | FDCPA | $225-265/hr | 11-12 years |
| *Rodriguez v. Nancy A. Smith & Assocs.*, No. C12-5252RBL, 2012 WL 5207545, at *3 (W.D. Wash. Oct. 22, 2012) | FDCPA | $160/hr | Less than one year. |
| *Fulton v. Livingston Fin. LLC*, No. C15-0574JLR, 2016 WL 3976558, at *4 (W.D. Wash. July 25, 2016) | FDCPA | $300/hr[10] | 10 years |
| *Clark v. Golden Specialty, Inc.*, No. C14-1412 TSZ, 2017 WL 516163, at *2 (W.D. Wash. Feb. 8, 2017) | FLSA* | $550/hr[11] | 38 years |
| *Clark v. Golden Specialty, Inc.*, No. C14-1412 TSZ, 2017 WL 516163, at *3 (W.D. Wash. Feb. 8, 2017) | FLSA | $350/hr | 13 years |
| *Fair Debt Collection Practices Act (FDCPA), Fair Labor Standards Act (FLSA) | | | |

The decisions of prior special masters present little guidance on whether the Burdette Firm's Greater Seattle, Washington area office should receive forum rates. In fact, the vast majority of the fees motions filed by the Burdette Firm petitioners in the past have been resolved by stipulation or settlement.

After consideration of all evidence filed on this matter as well as the aforementioned law and facts, I now conclude that the difference between the local rates in the Greater Seattle, Washington area awarded in similar circumstances and the forum rates for Vaccine Program work are insufficiently different for someone of Mr. Burdette's and Ms. Burdette's vintage to apply the *Davis* exception. The low-end forum rate for an attorney like Mr. Burdette, with comparable experience (31+ years of practice), is $385 per hour. *McCulloch,* 2015 WL 5634323, at * 19.

---

[10] I am aware that in deciding the hourly rate in *Fulton*, the court characterized the rates outlined in *Ashley*, *Rebic*, and *Rodriguez* as "somewhat dated points of references." *Fulton*, at *4. Nevertheless, I include those cases in the chart above to provide a more reflective sampling of cases decided in the Western District of Washington in the past six years.

[11] In setting an hourly rate of $550 per hour for a counsel with 38 years of experience, the court in *Clark* emphasized that, in addition to counsel's years of experience, the quality of work performed by that counsel played a significant role in setting the high hourly rate. *Clark v. Golden Specialty, Inc.*, No. C14-1412 TSZ, 2017 WL 516163, at *2 (W.D. Wash. Feb. 8, 2017). In this regard, the court specifically highlighted the "high quality representation" provided by that counsel, emphatically justifying the $550 per hour rate by concluding that the attorney awarded the high rate "was worth every penny." *Id*. Accordingly, I deem this outcome somewhat of a non-representative outlier.

Similarly, the low-end forum rate for an attorney like Ms. Burdette, with comparable experience (four to seven years of practice), is $225 per hour. *Id*. Those amounts are not significantly different from what an attorney in the Greater Seattle, Washington area would be paid for comparable work under a federal fee-shifting statute like the FDCPA. This is true whether or not I accept the *Hall/McCulloch* formulation of "very significantly different."[12]

Mr. Burdette will therefore receive the requested $400 per hour rate for work performed in 2016 and 2017. Similarly, Ms. Burdette will also receive the requested $275 per hour rate for work performed in 2016 and 2017.

### III.     Requested Attorney Time and Litigation Costs.

Petitioner's fees and costs request represents that Mr. Burdette spent 35.62 hours on this matter, while Ms. Burdette spent 11.85 hours. Fees App. at 1. After reviewing the billing invoices (Ex. 1), I approve the requested attorney time as reasonable.

Moreover, Petitioner requests $2,783.07 in attorneys' costs for the prosecution of this matter. Fees App. at 1. Petitioner requests costs for obtaining medical records from Scarlett's various medical care providers, posthumous testing of Scarlett for the purposes of this litigation, filing fees, and similar charges incurred solely by the Burdette Firm. *See generally* Ex. 2 (invoices of litigation costs), filed as ECF No. 33-2, at 1-14. The requested litigation costs also appear to be reasonable, and will be awarded.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Based on the reasonableness of Petitioner's request, and hourly fee rate decisions set forth above, I hereby GRANT Petitioner's motion for attorneys' fees and costs. Accordingly, an award of **$20,289.82** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Douglas Lee Burdette, Esq. Payment of this amount represents all attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review

---

[12] In fact (and consistent with the lack of a bright-line rule for how a special master should determine if forum and non-forum rates are sufficiently different), I do *not* find that the *Hall* rate differential calculation approach always embodies the best test for when to apply the *Davis* exception - although other special masters have reasonably embraced it as consistent with *Avera*. *See, e.g., Garrison v. Sec'y of Health & Human Servs.,* No. 14-762V, 2016 WL 3022076, at *7 (Fed. Cl. Spec. Mstr. Apr. 29, 2016).

filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[13]

    **IT IS SO ORDERED.**

/s/ Brian H. Corcoran<br>Brian H. Corcoran<br>Special Master

---

[13] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.